UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
FEDERAL NATIONAL MORTGAGE        :
ASSOCIATION;                     :
                                 :
                         Plaintiff,    :    MEMORANDUM & ORDER
                                 :
                -against-          :    23-CV-5343 (ENV) (RML)
                                 :
204 ELLERY ST., LLC; 199 MESEROLE ST., :
LLC; JORGE GAMBA; the NEW YORK CITY :
ENVIRONMENTAL CONTROL BOARD; and :
JOHN DOE #1 THROUGH JOHN DOE #33, :
                        Defendants.   :
------------------------------------------------------------- x

VITALIANO, D.J.

       On July 13, 2023, plaintiff Federal National Mortgage Association ("Fannie Mae") commenced this action against defendants 204 Ellery St., LLC ("Ellery Borrower"), 199 Meserole St., LLC ("Meserole Borrower"), Jorge Gamba, the New York City Environmental Control Board, and multiple John Does, seeking to foreclose on two mortgages, one encumbering 204 Ellery St., Brooklyn ("Ellery Property") and the other 199 Meserole St., Brooklyn ("Meserole Property," and collectively with the Ellery Property, "properties"). *See* Compl., Dkt. 1. Before the Court is Magistrate Judge Robert M. Levy's Report and Recommendation ("R&R"), recommending that plaintiff's motion to appoint Orazio Crisalli as receiver of the properties be granted. R&R, Dkt. 26, at 9.[1] The Ellery Borrower, Meserole Borrower, and Gamba filed timely written objections to Judge Levy's R&R on May 7, 2024, and Fannie Mae filed a response to those objections on May 17, 2024. Defs.' Obj., Dkt. 28; Pl.'s Obj. Opp'n, Dkt. 30. For the following reasons, the R&R is adopted in full as the opinion of the Court.

---

[1] All citations to pages refer to the Electronic Case Filing System ("ECF") pagination.

Background

The Court presumes the parties' familiarity with the underlying facts and procedural history of this case, which are only recounted here insofar as they are helpful to understand the R&R and the Court's adoption of it. On February 24, 2020, the Ellery and Meserole Borrowers each secured multimillion dollar loans with mortgages encumbering the Ellery and Meserole Properties, respectively. Compl. ¶¶ 16–18, 24–26. Gamba, the sole member of both borrowers, agreed to personally guarantee both loans. *Id.* ¶¶ 10, 19, 27. The original mortgagee assigned the loan and mortgage agreements to Fannie Mae, making it the current mortgagee of the properties. *Id.* ¶¶ 38–44.

From February 2021 to April 2022, the Ellery and Meserole Borrowers failed to make their monthly payments due under their loan agreements. *Id.* ¶ 51; Shaddox Decl., Dkt. 17-3, ¶ 16. Though each missed payment was an event of default under the loan agreements, Compl. ¶ 45; Ellery Loan Agreement, Dkt. 1-4, at 82; Meserole Loan Agreement, Dkt. 1-8, at 82, Fannie Mae agreed to forbear from exercising its rights under the loan and mortgage agreements on the condition that the Ellery and Meserole Borrowers acknowledge their defaults and make monthly payments toward the overdue balance, in addition to the monthly payments still coming due under the loan agreements, Compl. ¶¶ 51–53; Shaddox Decl. ¶¶ 16–24.

Notwithstanding, since April 1, 2023, the Ellery and Meserole Borrowers have failed to make the monthly payments due under the loan and forbearance agreements. Compl. ¶¶ 58–62; Shaddox Decl. ¶ 25. Again, the Ellery and Meserole Borrowers' failure to make these monthly payments constituted events of default, which under the mortgage agreements entitled Fannie Mae to "apply to any court having jurisdiction for the appointment of a receiver for the Mortgaged Propert[ies]." Compl. ¶ 64; Shaddox Decl. ¶¶ 29–30; Ellery Mortgage Agreement, Dkt. 1-5, at

21–22; Meserole Mortgage Agreement, Dkt. 1-9, at 21–22.  Furthermore, under the mortgage agreements, the Ellery and Meserole Borrowers were required, following an event of default, to turn over rents collected from the properties to Fannie Mae.  Pl.'s Mot. Receiver, Dkt. 17-2, at 12; Ellery Mortgage Agreement at 21–22; Meserole Mortgage Agreement at 21–22.

Fannie Mae argues that a receiver should be appointed because the Ellery and Meserole Borrowers have mismanaged the properties.  Specifically, it avers that the New York City Department of Housing Preservation and Development has issued more than 100 violations against the properties, the Ellery Borrower has failed to pay its taxes and insurance premiums (which Fannie Mae has paid in its stead), and neither the Ellery nor Meserole Borrowers has paid the rents collected from the properties to Fannie Mae.  Pl.'s Mot. Receiver at 5; Shaddox Decl. ¶¶ 32–35.

Legal Standard

Federal Rule of Civil Procedure 66 permits a federal court to appoint a receiver if such appointment is in "accord with the historical practice in federal courts or with a local rule."  A powerful tool, the imposition of a receivership is an equitable remedy designed to "protect a party's interest in property."  *Varsames v. Palazzolo*, 96 F. Supp. 2d 361, 365 (S.D.N.Y. 2000).  In diversity actions, like this one, federal common law governs the appointment of receivers and the decision of whether to appoint one "is committed to the sound discretion of the trial court."  *Id.*; *S.E.C. v. GPB Cap. Holdings, LLC*, No. 21-CV-583 (MKB) (VMS), 2023 WL 8468467, at *12 n.16 (E.D.N.Y. Dec. 7, 2023).  Still, courts throughout this circuit recognize that "[t]he appointment of a receiver is . . . a 'drastic remedy' that should be imposed 'only where no lesser relief will be effective.'"  *S.E.C. v. Xia*, No. 21-CV-5350 (PKC) (JAM), 2024 WL 3447849, at *12 (E.D.N.Y. July 9, 2024) (quoting *Ferguson v. Tabah*, 288 F.2d 665, 674 (2d Cir. 1961)).

Appointing a receiver is likely appropriate where (1) defendant has engaged in fraudulent

conduct; (2) there is an imminent danger that "the property [will] be lost, injured, or otherwise lessened in value"; (3) plaintiff's legal remedies are inadequate; (4) plaintiff would likely incur greater injuries if the appointment was denied than defendant would incur if it was granted; (5) plaintiff is likely to succeed on the merits; (6) the property is inadequate security for the outstanding debt; and (7) defendant lacks other assets. *See Miss Jones LLC v. Stiles*, No. 17-CV-1450 (NSR), 2019 WL 3034906, at *2 (S.D.N.Y. July 10, 2019) (collecting cases). No one factor is dispositive. *See id.*; *D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broad., Inc.*, 550 F. Supp. 2d 481, 491 (S.D.N.Y. 2008). Moreover, "the Second Circuit has held that when (1) the parties' contract contemplates a receivership in the event of default, and (2) there are multiple defaults, the combination 'strongly supports the appointment of a receiver.'" *Nissan Motor Acceptance Corp. v. Nemet Motors, LLC*, No. 19-CV-3284 (NGG) (CLP), 2022 WL 6784868, at *2 (E.D.N.Y. May 5, 2022) (quoting *Citibank, N.A. v. Nyland (CF8) Ltd.*, 839 F.2d 93, 97 (2d Cir. 1988)).

Motions under Rule 66 may be referred to a magistrate judge for report and recommendation. Upon receiving the R&R from the magistrate judge, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any objection, the district court need only be satisfied that there is no clear error on the face of the record. *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Clear error exists "where, upon a review of the entire record, [the district judge] is left with the definite and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-CV-6195, 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017).

However, a district judge must "determine *de novo* any part of the magistrate judge's

4

disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). Importantly, "objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018); *Barratt v. Joie*, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002). "General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *N.Y.C. Dist. Council of Carpenters*, 335 F. Supp. 3d at 351. Conversely, but to the same effect, "[i]n this district and circuit, it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *Id.* (citation omitted).

## Discussion

Defendants' objections are a veritable ragbag of rejected and/or baseless arguments. To start, defendants contest the appointment of a receiver because Fannie Mae did not allege that defendants engaged in any fraudulent conduct. *See* Defs.' Obj. at 1. But this is an encore performance for this argument that does not qualify as a valid objection since defendants made the very same argument in their opposition papers, Defs.' Opp'n Mot. Receiver, Dkt. 18, at 5, 10, 12, and Judge Levy properly rejected it in the R&R, *see* R&R at 26; *D.B. Zwirn*, 550 F. Supp. 2d at 491. Next, defendants carp that appointing a receiver is inappropriate because, as they see it, Fannie Mae has refused to negotiate a settlement in good faith. Defs.' Obj. at 1–2. Even if true, defendants fail to explain how Fannie Mae's refusal to negotiate a settlement is legally relevant or how this argument relates to Judge Levy's R&R.

Finally, defendants attack the recommended receiver, Ocasio Crisalli, on the grounds that he is from Syracuse, New York, "should have more experience with Rent Stabilized properties,"

5

was recommended by plaintiff, and "may have worked for [] [p]laintiff." *Id.* at 2.  Plaintiff raised these first three arguments to Judge Levy, Defs.' Opp'n Mot. Receiver at 5, 7, 10–11, 13–14, who rejected them, citing Crisalli's decades of experience administering multifamily apartments and prior service as a receiver of New York City properties, *see* R&R at 9 (citing Crisalli Decl., Dkt. 17-30, ¶¶ 2–7; Crisalli C.V., Dkt. 17-31; and Crisalli Reply Decl., Dkt. 19-1, at ¶¶ 2–3).  Lastly, defendants' assertion that Crisalli "may have" previously worked for Fannie Mae is a bald, uncorroborated assertion that fails to trigger *de novo* review, and, at any rate, would not, if reviewed under that standard, warrant modification or rejection of the R&R.

Accordingly, in the absence of any proper written objections, the Court applies the clear error standard of review.  *See Campbell v. Empire Merchants, LLC*, No. 16-CV-5643 (ENV) (SMG), 2019 WL 2206065, at *2–3 (E.D.N.Y. May 22, 2019).  Having carefully reviewed the R&R in accordance with that standard, the Court finds it to be correct, well-reasoned, and free of any clear error.  The Court, therefore, adopts the R&R, in its entirety, as the opinion of the Court.

## Conclusion

In line with the foregoing, the R&R, granting Fannie Mae's motion to appoint Orazio Crisalli as receiver of the mortgaged properties at 204 Ellery St., Brooklyn, New York 11207 and 199 Meserole St., Brooklyn, New York 11270, is adopted in its entirety as the opinion of the Court.

So Ordered.

Dated:   Brooklyn, New York
            August 8, 2024

/s/ *Eric N. Vitaliano*
ERIC N. VITALIANO
United States District Judge